On the other hand, it was said on behalf of the representatives of King, that the sale was good, as Hanson had approved of it; and that the tender of the money to his attornies; and, upon their refusal to accept it, the deposit of the amount in the treasury, was a complete discharge of the debt, and entitled King’s estate to a conveyance.
Por Hanson it was argued, that the tender, and subsequent deposit of the money in the treasury was no discharge; and that the representatives of King should now be decreed to pay the purchase money, interest and costs, or restore the property to him, with the rents and profits.
Cur. adv. vult.
The court, after time taken to consider, made the following decree in the cause:
“This daj- came the parties by their counsel, and the court having maturely considered the transcript of the record, and the arguments of counsel on both sides, are of opinion, that the said decree is erroneous in this, that, in the event of the sale pf the lot with the appurtenances, by the commissioners, the said Richard Hanson is not directed to convey the estate to the purchaser in fee simple; and also, in this, that the said Hanson is allowed all his costs in both suits, whereas he ought to pay all costs upon the injunction bill, as well as the costs, in the general court, of the proceedings in the inquisition of escheat, the same being necessary to protect his interest. Therefore, it is decreed and ordered, that the said decree be reversed and ^annulled, and that the said Richard Hanson pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And it is further ordered, that the cause be returned to the said high court of chancery, for that court to correct the decree aforesaid, according to the foregoing opinion.”